## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RONALD J. PHILIPPS and
CAROLYN THORSTED,

                        Plaintiffs,

v.                                                Civ.  No. 05-824 JH/KBM

TARGET CORPORATION, f/k/a
Dayton Hudson Corporation, a
Minnesota corporation, and COMPEX
INTERNATIONAL COMPANY, LTD.,
a foreign corporation,

                        Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 2].  In that

motion, Defendants Target Corporation ("Target") and Compex International Co., Ltd. ("Compex")

seek to dismiss Plaintiffs' claims against them based upon the affirmative defenses of claim preclusion

and issue preclusion.  The primary issue before the Court is whether Target and Compex have met

their burden to prove that they were parties (or in privity with parties) to the prior state court

proceeding.  Because the Court finds that the Defendants have not met their burden, the motion will

be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

       This is a personal injury-product liability case arising from a claim by Plaintiff Ronald J.

Phillips[1] ("Phillips") that Defendants Compex and Target manufactured and sold him a defective metal

chair.  On April 30, 2003, Phillips filed his complaint for personal injuries in New Mexico state district

---

       [1] In the caption of this case, the name is spelled "Philipps."   However, in the caption of the
prior state court case, the name was spelled "Philipps."

court against Target Stores, Inc. ("Target Stores") and Delmar Designs ("Delmar").  On May 3, 2005, on the day that trial was to commence in that case, Phillips stipulated to a dismissal with prejudice of all of his claims against Target Stores and Delmar.  Phillips' counsel's stated grounds for the dismissal was that the proper defendant companies were not before the court.

On June 6, 2005, Phillips filed a new lawsuit in state district court alleging the same legal claims regarding the same injuries arising from the same metal chair.  However, Phillips' second lawsuit is different from the first in several material respects.  First, the second lawsuit adds a new plaintiff, Carolyn Thorsted ("Thorsted"), who is married to Phillips.  Second, it adds a claim for loss of consortium by Thorsted.  Third, the second complaint names as defendants Target Corporation and Compex, as opposed to Target Stores and Delmar.

On July 29, 2005, Target and Compex filed their notice of removal to this Court, and on August 3, 2005, they filed the present motion to dismiss.  In that motion, Compex and Target argue that they are the identical parties who were defendants in the first lawsuit, and that the doctrines of claim and issue preclusion bar Phillips and Thorsted's claims against them in this case.[2]

## DISCUSSION

In their motion to dismiss, Target and Compex argue that the doctrines of res judicata and collateral estoppel bar Plaintiffs' claims against them in this case.  In general, they argue that there is an identity of parties between the first case—which was dismissed with prejudice—and this case,

_____

[2] Compex, a Taiwanese corporation, also argues that all claims against it should be dismissed because Plaintiffs have failed to properly serve the complaint in accordance with Rule 4(f) and the Hague Convention.  Plaintiffs respond that Taiwan is not a signatory to the Hague Convention and that their manner of service satisfies Rule 4(f)(3).  Compex disputes neither of these arguments in its reply, and therefore the Court assumes that it no longer contests adequacy of service of process.

and that the claims and issues in this case have been fully and finally litigated.

Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action. *Wolford v. Lasater*, 1999-NMCA-024, ¶ 5, 126 N.M. 614.  It applies where there is "(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3)[the] same cause of action, and (4)[the] same subject matter." *City of Las Vegas v. Oman*, 110 N.M. 425, 432, 796 P.2d 1121, 1128 (Ct. App. 1990).  Res judicata precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim. *Myers v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984). The doctrine bars not only claims that were raised in the prior proceeding, but also claims that could have been raised. *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 121, 898 P.2d 1256, 1259 (Ct. App. 1995).  As the parties seeking to bar Plaintiffs' claims, Target and Compex bear the burden of proving that each element of res judicata has been satisfied.  *See Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 5, 122 N.M. 326.

Similarly, issue preclusion, also known as collateral estoppel, precludes re-litigation of an issue that has already been decided.  However, in order to successfully employ this doctrine, the moving party must demonstrate that (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.  *Shovelin v. Central N.M. Elec. Coop.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993).  "The party invoking the doctrine of collateral estoppel has the burden of introducing sufficient evidence for the district court to rule on whether the doctrine is applicable.  However, if the party invoking the doctrine has made a prima facie case, then the burden

3

shifts to the party opposing collateral estoppel to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding." *Padilla v. Intel Corp.*, 1998-NMCA-125 ¶ 9, 125 N.M. 698 (internal citations omitted).

As the foregoing authorities demonstrate, the party seeking to preclude another from litigating a particular claim or issue bears the burden to prove that all of the elements of either res judicata or collateral estoppel have been met. Compex and Target have failed to meet that burden because they have failed to prove that they were either parties to the first case or in privity with parties to the first case.

For example, Compex has come forward with no affidavits by corporate officers or directors, certificates of incorporation, certified corporate filings with the Securities Exchange Commission, or any other form of evidence to prove either that Compex and Delmar are identical entities, or that they have a corporate relationship such that the two entities are in privity. Instead, Compex relies upon the unsubstantiated remarks of Delmar's counsel at the May 3, 2005 hearing, at which she asserted that "Delmar is Compex. They're one in the same, so Compex has been involved in this lawsuit from the very beginning." However, these statements by counsel are not evidence. Similarly, in its Reply Brief Compex argues that a printout from an unknown Better Business Bureau website (attached as Exhibit C to Plaintiffs' Response Brief) proves that the two entities are the same because it lists "Delmar Designs, Inc." as a "DBA" for Compex International. Not only is the printout hearsay, but also there are no independent indicia of reliability to support that document.

Similarly, Target has failed to come forward with any evidence demonstrating the nature of its relationship with Target Stores. Like Compex, Target relies upon the unsubstantiated statements of its counsel at the May 3, 2005 hearing, where counsel stated that "Target Corporation has been

involved in this case from the very beginning.  Rest assured that Target Corporation's people have been—they know what's going on."  Again, arguments made by counsel are not evidence, and even if they were, this statement is too general to provide a basis for analysis of the factors relevant to res judicata and collateral estoppel.  Target also relies upon a verification form purportedly attached to answers to interrogatories and responses to requests for production.  *See* unlabeled exhibit attached to Defendants' Reply Brief.  The verification has no case caption, so it is impossible to determine in what case Target provided the form.  The verification states that it has been signed by "the authorized signatory for Target Corporation."  Once again, this bare statement does not prove that Target and Target Stores are one in the same, nor does it prove that they are in privity.

This case is much like *Miller v. Shell Oil Co.*, 345 F.2d 891 (10th Cir. 1965).  In that case, as here, the defendant raised the affirmative defense of res judicata through a motion to dismiss.  *Id.* at 893.  However, facts supporting the defense did not appear plainly upon face of the complaint, *id.*; similarly, it is not at all clear from the face of the two complaints at issue here that Compex and Delmar are identical, nor that Target and Target Stores are the same entity.  As a result, the court in *Miller* was forced to consider matters outside the pleadings, *id.*, just as the Court has done in this case.  In *Miller*, the record contained no evidence upon which to base a dismissal on grounds of res judicata, and the Tenth Circuit found that it was error for the district court to do so.  *Id.*  Similarly, it would be improper for this Court to dismiss the claims against Compex and Target when those defendants have failed to meet their burden to prove each element of either of their asserted affirmative defenses.  Accordingly, the motion to dismiss will be denied.  However, this ruling on the motion to dismiss does not preclude Defendants from raising the matter again on a motion for summary judgment.

5

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants'

Motion to Dismiss [Doc. No. 2] is **DENIED**.


_____
**UNITED STATES DISTRICT JUDGE**