IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD J. PHILIPPS, and
CAROLYN THORSTED,

        Plaintiffs,

vs.                                      No. 05-CV-00824 JCH/KBM

TARGET CORPORATION f/k/a Dayton
Hudson Corporation, a Minnesota corporation,
and COMPEX INTERNATIONAL COMPANY,
LTD., a foreign corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Target Corporation's Motion for Summary Judgment and Incorporated Memorandum, filed May 3, 2006 **[Doc. No. 21]**. The Court having considered the motion, memoranda, and relevant law, and being otherwise fully informed, finds that the Motion for Summary Judgment is well taken in part and will be granted in part.

### BACKGROUND

On April 30, 2003, Plaintiff Ronald J. Philipps filed a complaint against Target Stores, Inc., a foreign corporation, and Delmar Designs, a foreign entity a/k/a Compex, in the Second Judicial District Court of the State of New Mexico. The complaint alleges injuries as a result of an August 28, 2002, fall from a patio chair allegedly purchased at Target and manufactured by Compex. The parties conducted discovery, argued motions, and prepared for trial. On May 3, 2005, the day of trial, before the jury had been brought in, Plaintiff's counsel informed the court

that the proper defendant was not before the court. May 3, 2005, Tr. at 2, lls. 11-20, attached as Exh. L to Pls' Resp. to Defs' Mot. to Dismiss.[1] Plaintiff had erroneously named Target Stores, Inc., instead of Target Corporation, as the defendant in the case. *Id.* Plaintiff's counsel argued that the trial needed to be delayed and the complaint amended to name Target Corporation as the defendant. *Id.* at 2, lls. 15-20. Defense counsel for Target Stores informed the court that it previously had offered[2] and still was willing to amend the caption of the case to name Target Corporation as the defendant. *Id.* at 10, lls 21-25. Plaintiff's counsel opposed such an amendment, maintaining that the state court would not have jurisdiction over the proper defendant by virtue of an amendment to the case caption alone. In response, defense counsel stated, "Target Corporation has been involved in this case from the very beginning. Rest assured that Target Corporation's people have been--they know what's going on, they know about this case." *Id.* at 11, lls. 1-4. Defense counsel further argued, "The courts and the New Mexico Rules of Civil Procedure do allow parties to correct misnomers and that is exactly what we have here. It's a misnomer. Target Corporation has been involved in this case from the very beginning and we've allowed the Plaintiff to correct [his] mistake and [he has] declined to do so." *Id.* at 11, lls.

---

[1] The Response to Defendants' Motion to Dismiss is part of the pleadings on file in this case and therefore the May 3, 2005, transcript attached thereto can be considered by the Court on summary judgment. *See* Fed. R. Civ. P. 56(c). Another portion of the transcript cited herein is attached to Defendant Target Corporation's Motion to Dismiss. For the same reason, the Court can consider this attachment. The Court also may consider this portion of the transcript because Defendant incorporated by reference its Motion to Dismiss into its Motion for Summary Judgment.

[2] Defense counsel informed the state court that on April 28, 2005, counsel had offered to amend the caption of the case to name Target Corporation as the defendant, but that Plaintiff's counsel declined the offer. May 3, 2005, Tr. at 10-11.

7-12. Defense counsel for Target Stores, Inc., further stated that Plaintiff could go to trial against Target Corporation or Target Stores, "whichever one they [plaintiff and his counsel] want." *Id.* at 15, ll. 1.

Plaintiff's counsel, dissatisfied with an amendment to the caption alone and with defense counsel's representations that Plaintiff could go to trial against Target Corporation or Target Stores, moved voluntarily to dismiss Plaintiff's claims against Target Stores and Delmar Designs. May 3, 2006, Tr. at 2, lls. 7-19, attached as Exh. 2 to Defs' Mot. to Dismiss. Defendants objected to the dismissal, and argued that under the New Mexico court rule governing dismissals of actions, *see* N.M. Rules Ann. § 1-041, Plaintiff was not entitled to a dismissal without prejudice unless all of the parties agreed to the dismissal. *Id.* at 2-3. Defense counsel maintained that Defendants only would agree to a dismissal with prejudice. *Id.* at 3, lls. 4-5. Defense counsel further argued, "This is a red herring to try to get this suit delayed. We need to try to hear this suit, bring the jury in right now, let the jury decide if it should be dismissed." *Id.* at 3, lls. 11-13. Plaintiff thereafter agreed to move for voluntary dismissal with prejudice, and the state court granted the motion, dismissing all of Plaintiff's claims against Target Stores and Delmar Designs with prejudice. *Id.* at 3, lls 17-18; *id.* at 4, lls 4-6, 12-15.

On June 6, 2005, approximately one month later, Plaintiff refiled his action in the Thirteenth Judicial District Court of the State of New Mexico against Target Corporation and Compex International Company, Ltd. Besides naming new defendants, the new complaint differs from the original complaint in two respects. First, Plaintiff Carolyn Thorsted joined the complaint, and second, the complaint seeks damages on behalf of Thorsted for a new loss of

consortium claim. Defendants Target Corporation and Compex International filed their Notice of Removal on July 29, 2005.

On August 3, 2005, Defendants Target Corporation and Compex International filed a Motion to Dismiss based upon the legal doctrines of claim and issue preclusion. On February 22, 2006, the Court entered a Memorandum Opinion and Order denying Defendants' Motion to Dismiss on the ground that Defendants had not established that they were parties to the first case or in privity with parties to the first case.[3] In the Memorandum Opinion and Order, the Court indicated that the denial of Defendants' Motion to Dismiss did not preclude Defendants from raising the matter again on summary judgment.

On May 3, 2006, Defendant Target Corporation filed the present Motion for Summary Judgment. In support of the motion, Defendant Target Corporation raised the following undisputed facts through the Affidavit of Brian Downs ("Downs Affidavit") and documents attached thereto.[4] *See* Downs Aff., attached to Def's Mot. for Summ. J. as Exh. 1. Target

---

[3] The Court did not address any of the other elements of claim or issue preclusion.

[4] In its response to the Motion for Summary Judgment, Plaintiffs argue that the facts raised in the Downs Affidavit "would be required to be proven," that "the assertions simply made are only assertions," and that "no attempt has been made to establish them as facts in this case." Resp. to Mot. for Summ. J. at 1. Federal Rule of Civil Procedure 56, however, specifically contemplates the submission of affidavits supporting or opposing a motion for summary judgment. *See* Fed. R. Civ. P. 56(c) ("judgment sought shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Rule 56 further provides that supporting affidavits must be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Plaintiffs have neither demonstrated how the Downs Affidavit is in violation of these rules, nor set forth any facts disputing the evidence presented by Defendant. Plaintiffs' mere

Corporation was incorporated on February 11, 1902, under the original name of Goodfellow Dry Goods Co. Downs Aff. ¶ 4(a). On June 20, 1969, through a series of mergers and/or name changes, Goodfellow Dry Goods Co. subsequently became Dayton Hudson Corporation. *Id.* ¶ 4(b). The name change from Dayton Hudson Corporation to Target Corporation resulted from the merger of Target Corporation, a wholly-owned subsidiary of Dayton Hudson Corporation, into Dayton Hudson Corporation, which was effective as of January 30, 2000. *Id.* ¶ 4(c). Dayton Hudson Corporation survived the merger and Target Corporation was consequently dissolved. *Id.* Dayton Hudson Corporation, as the surviving company, changed its legal name to "Target Corporation." *Id.* No other changes to the corporate structure, rights, or obligations of Dayton Hudson Corporation resulted from the merger. *Id.*

The Downs Affidavit also establishes that Target Stores, the defendant in the original lawsuit, is a Minnesota corporation in good standing and a wholly-owned subsidiary of Target Corporation. *Id.* ¶ 4(d). Target Stores, Inc. is an intellectual property asset holding company that is qualified to do business in jurisdictions in which Target corporation has not yet commenced doing business. *Id.* ¶ 4(d). Target Stores's purpose is to preserve Target Corporation's future rights to use the name "Target" for conducting business in such jurisdictions. *Id.* ¶ 4(d).

In the response to the motion for summary judgment, Plaintiff raises the following undisputed facts. In the original litigation, Target Stores answered an interrogatory indicating that "Target Corporation, a Minnesota Corporation[,] is the correct entity to be sued." Resp. to

---

assertion of a factual dispute, absent any specific facts demonstrating such a dispute, is insufficient to create a disputed issue of fact.

-5-

Mot. for Summ. J., Exh. 1. On April 8, 2005, a Public Regulations Commission printout indicates that Target Stores was inactive as a result of a revoked charter beyond the appeal period. *Id.* Exh. 2. The PRC printout for Target Corporation indicates that it was in good standing in the State of New Mexico as of the same date. *Id.* Exh. 4.

## STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997). "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A plaintiff cannot rely

upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim.  *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).  Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).  If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

Defendant Target Corporation asks the Court to grant summary judgment in its favor and dismiss the complaint on the grounds of claim and issue preclusion.  First, Defendant argues that it is entitled to judgment as a matter of law in its favor on Plaintiff Philipps's claims because Target Stores and Philipps were parties to the first litigation and Target Corporation is in privity with Target Stores.  Defendant Target Corporation further maintains that it has satisfied all of the remaining elements of claim preclusion, and that it therefore is entitled to judgment as a matter of

law in its favor on Plaintiff Philipps's claims.[5]  Second, Defendant Target Corporation argues that it is entitled to judgment as a matter of law in its favor on Plaintiff Thorsted's loss of consortium claim because Plaintiff Thorsted is in privity with Plaintiff Philipps and because she could have raised her claims in the initial litigation.  Defendant Target Corporation also argues that it has satisfied the remaining elements of claim and issue preclusion, and that it therefore is entitled to judgment as a matter of law on Plaintiff Thorsted's claim.  The Court will address these arguments in turn.

I.	Plaintiff Philipps's Claims.

Defendant Target Corporation maintains that it is entitled to summary judgment in its favor on Plaintiff Philipps's claims because Philipps is barred by the doctrine of claim preclusion, or res judicata, from bringing this suit.  Claim preclusion is applicable when (1) the parties to a first and second lawsuit are the same or in privity, (2) the cause of action is the same in both suits, and (3) there has been a final decision on the merits in the first suit.  *Slide-A-Ride v. Citizens Bank*, 105 N.M. 433, 437, 733 P.2d 1316, 1320 (N.M. 1987) (citing *Myers v. Olson*, 100 N.M. 745, 676 P.2d 822 (N.M. 1984)).  A party seeking to bar a subsequent claim also must demonstrate that the plaintiff had a full and fair opportunity to litigate issues in the original claim.  *See, e.g.*, *Myers v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (N.M. 1984) ("Res judicata will ordinarily preclude a claim where there has been a full and fair opportunity to litigate all issues arising out of that claim."); *Slide-A-Ride*, 105 N.M. at 437, 733 P.3d at 1320 (same).

---

[5] Although Defendant's opening memorandum does not set forth argument regarding the remaining requirements of claim preclusion, Defendant incorporates the arguments from its Motion to Dismiss, filed August 3, 2005, which does address those requirements.

A.     Privity.

Claim preclusion is applicable when the parties to a first and second lawsuit are the same or in privity. It is undisputed that Plaintiff Philipps was the same party in the original litigation and in this litigation. The only dispute concerns whether the original defendant Target Stores is in privity with the defendant in this case, Target Corporation. "Determining whether parties are in privity for purposes of res judicata requires a case-by-case analysis." *Deflon v. Sawyers*, 137 P.3d 577, 580 (N.M. 2006). "'Privity requires, at a minimum, a substantial identity between the issues in controversy and a showing that the parties in the two actions are really and substantially in interest the same.'" *Id.* (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1174 (10th Cir. 1979)).

Defendant Target Corporation maintains that sufficient undisputed facts demonstrate that it is in privity with Target Stores. It is undisputed that Target Stores is a wholly-owned subsidiary of Target Corporation, that Target Stores is an intellectual property asset holding company that is qualified to do business in jurisdictions in which Target corporation has not yet commenced doing business, and that Target Stores's purpose is to preserve Target Corporation's future rights to use the name for conducting business in such jurisdictions. It also is undisputed that in the original state court litigation defense counsel for Target Stores implied that Target Stores and Target Corporation are one in the same. Specifically, in response to Plaintiff Philipps' argument that he had sued the wrong party, counsel for Target Stores stated, "Target Corporation has been involved in this case from the very beginning. Rest assured that Target Corporation's people have been--they know what's going on, they know about this case."

Defense counsel for Target Stores further indicated that Plaintiff could go to trial against Target Corporation or Target Stores, "whichever one they [Plaintiff and his counsel] want." These undisputed facts demonstrate that the parties in the two actions are really and substantially in interest the same. Because there also is a substantial identity between the issues in controversy in both litigations (indeed, Plaintiff Philipps's claims are the same), the Court concludes that Target Stores and Target Corporation are in privity as a matter of law.

### B. Cause of Action.

The undisputed facts also demonstrate that Plaintiff Philipps's cause of action against Target Stores in the original litigation is the same as his cause of action against Defendant Target Corporation in this litigation. Although Plaintiff Thorsted is a new party bringing a new cause of action, this fact alone does not render Plaintiff Philipps's cause of action different in the two litigations.[6] Indeed, Plaintiffs concede in their Response to the Motion to Dismiss that the same claims are involved in the two cases. Resp. to Mot. to Dismiss. at 3, ¶ 5.

### C. Final Decision on the Merits.

The undisputed facts also indicate that the initial state court litigation concluded with a final decision on the merits. In the state court litigation, Plaintiff agreed to move for voluntary dismissal with prejudice, and the state court granted the motion, dismissing with prejudice all of Plaintiff's claims against Target Stores and Delmar Designs. A dismissal with prejudice is a final decision on the merits. *See, e.g.*, *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530,

---

[6] If this were the case, a plaintiff who ordinarily would be barred by claim preclusion from bringing a new claim could simply add another party to a suit to avoid this result.

534 (4th Cir. 1991) (concluding that a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2) "is a complete adjudication on the merits of the dismissed claim"); *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("'Dismissal of an action with prejudice [pursuant to Federal Rule of Civil Procedure 41(a)(2)] is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties.'") (citation omitted).[7]

The fact that New Mexico courts have held that "a judgment for a defendant does not bar another action by the plaintiff 'when the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties,'" *see, e.g.*, *City of Las Vegas v. Oman*, 110 N.M. 425, 432, 796 P.2d 1121, 1128 (N.M. Ct. App. 1990); *Moffat v. Branch*, 138 N.M. 224, 228, 118 P.3d 732, 736 (N.M. Ct. App. 2005), does not persuade the Court otherwise. First, the state court action was not dismissed due to a lack of personal jurisdiction over Target Corporation. Although Plaintiff Philipps's counsel moved voluntarily to dismiss the case against Target Stores because he maintained that the state court did not have personal jurisdiction over Philipps by virtue of amendment of the case caption alone, it is clear that personal jurisdiction is an individual right that can be waived. *See, e.g.*, *Ins. Corp. of Ir., Ltd. v. Compagnie des*

---

[7] *See also Warfield v. Alliedsignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001) ("A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect."); *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) (a voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfied the res judicata criterion"); *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) ("voluntary dismissal with prejudice of . . . claims . . . constitute[s] an adjudication on the merits"); *see also Cagan v. Village of Angel Fire*, 137 N.M. 570, 113 P.3d 393, 398 (N.M. Ct. App. 2005) (dismissal with prejudice for failure to prosecute constitutes an adjudication on the merits).

*Bauxites*, 456 U.S. 694, 703, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *see also Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 84, 898 P.2d 709, 719 (N.M. 1995). By agreeing to an amendment of the case caption to name Target Corporation as a defendant and by stating that Plaintiff Philipps could proceed against Target Stores or Target Corporation, whichever he wanted, it is clear that Target Corporation was waiving any personal jurisdiction objection. For the same reasons, it also is clear that the voluntary dismissal with prejudice by Plaintiff Philipps was not a dismissal for misjoinder or non-joinder of a party.

        D.      <u>Full and Fair Opportunity</u>.

The undisputed facts also demonstrate that Plaintiff Philipps had a full and fair opportunity to litigate issues in the original state court claim. *See, e.g.*, *Myers*, 100 N.M. at 747, 676 P.2d at 824. Both Target Stores and Target Corporation were ready and willing to go to trial on May 3, 2005. It was Plaintiff Philipps's counsel who insisted, on the morning of trial, with the jurors waiting, that the state court did not have jurisdiction over Target Corporation and that the case against Target Stores needed to be dismissed. Although defense counsel was willing to amend the case caption to add Target Corporation as a defendant, and defense counsel indicated that Plaintiff could go to trial against Target Corporation or Target Stores, "whichever one [Plaintiff and his counsel] want[ed]," Plaintiff Philipps's counsel insisted upon dismissing the case, even thought that dismissal was with prejudice. Under these facts, the Court concludes that Plaintiff Philipps had a full and fair opportunity to litigate his case.

The Court concludes that the undisputed facts demonstrate that Plaintiff Philipps was a party in the state court litigation, that Defendant Target Corporation was in privity with a party to that litigation, that Philipps's cause of action in the first suit was the same, that there was a final decision on the merits in the first suit, and that Philipps had a full and fair opportunity to litigate his claim in the first suit. Plaintiff Philipps therefore is barred as a matter of law by claim preclusion from relitigating his cause of action against Target Corporation in this Court.

II.     Plaintiff Thorsted's Claims.

    A.     Claim Preclusion.

In contrast, claim preclusion does not bar Plaintiff Thorsted's claims against Defendant Target Corporation. First, Plaintiff Thorsted is not in privity with Plaintiff Philipps. *Cf. Slide-A-Ride*, 105 N.M. at 437, 733 P.2d at 1320 (parties to a first and second lawsuit must be the same or in privity). Privity requires, at a minimum, a substantial identity between the issues in controversy and a showing that the parties in the two actions are "really and substantially in interest the same." *Deflon*, 137 P.3d at 580 (internal quotations and citation omitted). "[P]arties have been found in privity where they represent the same legal right or where they have a mutual or successive relationship to the same rights of property." *Id.* (N.M. 2006) (internal quotations and citation omitted); *see also Bentz v. Peterson*, 107 N.M. 597, 600, 762 P.2d 259, 262 (N.M. Ct. App. 1988) (privity exists when an individual is so identified in interest with another that the party represents the same legal right).

Defendant Target Corporation maintains that because loss of consortium claims are only viable if a defendant is liable to the injured party (*i.e.*, they are derivative), *cf. Archer v.*

-13-

*Roadrunner Trucking*, 122 N.M. 703, 708, 930 P.2d 1155, 1160 (N.M. 1996) ("[l]oss of consortium derives from the underlying cause of action in the physically-injured spouse[, and] [l]oss-of-consortium damages are contingent upon the injured person's entitlement to general damages"), Plaintiff Thorsted is in privity with Plaintiff Philipps. The Court disagrees. Although Plaintiff Thorsted has the same interest as Plaintiff Philipps in establishing the underlying liability of Defendants, Plaintiffs are seeking damages for two distinct injuries. Plaintiff Philipps seeks to recover damages for injuries to himself sustained while using a metal chair purchased from Target and manufactured by Compex, while Plaintiff Thorsted seeks to recover damages for injuries to herself as a result of the loss of her spouse's services.[8] Plaintiffs therefore do not represent the interests of the same person, but rather their own separate interests. *Cf. Deflon*, 137 P.3d at 580. Moreover, Plaintiffs Thorsted and Philipps represent different legal rights. Plaintiff Philipps asserts his right to be free from negligence, to hold a seller and manufacturer strictly liable for their torts, and to expect compliance with express and/or implied warranties, while Plaintiff Thorsted asserts her right to her spouse's material and intangible services. *Archer,* 122 N.M. at 705, 930 P.2d at 1157. In addition, Plaintiffs do not stand in relationship to one another as concurrent property owners (trustee and a beneficiary) or successive property owners (seller and buyer). *Cf. Deflon*, 137 P.3d at 580. Under these facts the Court cannot say as a matter of law

---

[8] "The common-law action for 'loss of consortium consists of several elements, encompassing not only material services but such intangibles as society, guidance, companionship, and sexual relations.'" *Archer*, 122 N.M. at 705, 930 P.2d at 1157 (quoting *Romero v. Byers*, 117 N.M. 422, 425, 872 P.2d 840, 843 (1994)). "In other words, 'loss of consortium is simply the emotional distress suffered by one spouse who loses the normal company of his or her mate when the mate is physically injured due to the tortious conduct of another.'" *Id.* (quoting *Romero*, 117 N.M. at 425, 872 P.2d at 843).

that Plaintiffs really and substantially are in interest the same.[9]  The Court therefore concludes that Plaintiffs are not in privity with one another, and that claim preclusion therefore does not bar Plaintiff Thorsted's cause of action.

Claim preclusion also does not apply to bar Plaintiff Thorsted's loss of consortium claim because that claim was not part of the original state court litigation.  *Cf. Slide-A-Ride*, 105 N.M. at 437, 733 P.2d at 1320 (the cause of action must be the same in both suits).  The Court is not persuaded otherwise by Defendant Target Corporation's argument to the contrary.  Defendant maintains that the rule prohibiting a party from withholding issues in an initial proceeding and litigating those issues in a subsequent proceeding operates to bar Plaintiff Thorsted from asserting her claim before this Court.  *See In re Richards*, 127 N.M. 716, 720, 986 P.2d 1117, 1121 (N.M. 1999).  In *Richards*, the plaintiff argued that res judicata did not bar his claims because the cause of action in the subsequent proceeding was different from that in the original proceeding.  *Id.*, 986 P.2d at 1121.  The New Mexico Supreme Court rejected this argument, stating that "the law in New Mexico is clear that a party may not withhold issues and litigate them in subsequent proceedings."  *Id.*  The *Richards* court applied this rule to a party and did not specifically extend this holding to cover a non-party.  *Id.*  The Court is unwilling to find, on the facts of this case, that the rule enunciated in *Richards* required Plaintiff Thorsted, a non-party, who is not in privity with Plaintiff Philipps, to join Philipps in his initial state court litigation and to bring her loss of

---

[9] The Court further notes that although a substantial identity between the issues in controversy between Plaintiff Philipps and Defendant exists in both litigations, the same is not true with respect to Plaintiff Thorsted and Defendant.  Plaintiff Thorsted's loss of consortium claim requires Thorsted to introduce new evidence not presented in the original litigation regarding the nature and extent of her injuries.

consortium claim at that time.

  B.  <u>Issue Preclusion</u>.

  Defendant Target Corporation maintains that if claim preclusion does not bar Plaintiff Thorsted's loss of consortium claim, the doctrine of issue preclusion, or collateral estoppel, does. Issue preclusion requires a party seeking to bar litigation of an issue to demonstrate the following: "'(1) [that] the party to be estopped was a party or privy to the prior proceeding, (2) [that] the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) [that] the issue was actually litigated in the prior adjudication, and (4) [that] the issue was necessarily determined in the prior litigation.'" *Rex, Inc. v. Manufactured Hous. Comm., Manufactured Hous. Div.*, 119 N.M. 500, 504, 892 P.2d 947, 951 (N.M. 1995) (quoting *Shovelin v. Central N.M. Elec. Coop., Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993)). "If the moving party demonstrates each element of this test, the court must then determine whether the non-moving party 'had a full and fair opportunity to litigate the issue in prior litigation.'" *Id.* (quoting *Shovelin*, 115 N.M. at 297, 850 P.2d at 1000).

  The Court already has held that Plaintiff Thorsted is not in privity with Plaintiff Philipps. Accordingly, for this reason alone, the doctrine of issue preclusion does not bar Plaintiff Thorsted from relitigating of the question of Defendant Target Corporation's liability. Issue preclusion, however, also does not apply because Defendant's liability was not actually and necessarily determined in the underlying state court litigation brought by Plaintiff Philipps. Although, for purposes of claim preclusion, a dismissal with prejudice is a final decision on the merits, for purposes of issue preclusion, a dismissal with prejudice is not an actual and necessary

determination of an issue. *See, e.g.*, Restatement (Second) of Judgments § 27, cmt. e ("In the case of a judgment entered by . . . consent . . . none of the issues is actually litigated."); *id.* ("A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action."); *compare Blea v. Sandoval*, 107 N.M. 554, 558, 761 P.2d 432, 436 (N.M. Ct. App. 1988) (although a default judgment is "on the merits" for purposes of claim preclusion, it is not "actually litigated" for purposes of issue preclusion).[10] Accordingly, issue preclusion does not bar Plaintiff Thorsted's loss of consortium claim for this reason as well.

The Court further notes that even if the requirements of issue preclusion were met, the Court would not apply the doctrine to bar Plaintiff Thorsted's loss of consortium claim. The New Mexico Supreme Court has explained, "The doctrine of collateral estoppel is not intended to tie the hands of judges." *Adams v. United Steelworkers of Am.*, 97 N.M. 369, 373, 640 P.2d 475, 479 (N.M. 1982) (citation omitted). "When all the elements of collateral estoppel are met, the doctrine may not be applied by a judge when the purposes for which it would be used would be fundamentally unfair and would not further the aims of the doctrine." *Id.* (citations omitted); *see also Silva v. New Mexico*, 106 N.M. 472, 747, 745 P.2d 380, 382 (N.M. 1987). Here, where Plaintiff Philipps's claims voluntarily were dismissed with prejudice because Philipps's attorney believed the state court did not have jurisdiction over a defendant, it would be fundamentally

---

[10] This result is not inconsistent because New Mexico courts recognize a distinction between issue and claim preclusion. In New Mexico, as under the Restatement, issue preclusion differs from claim preclusion in that the issue to be estopped must actually have been litigated, whereas claim preclusion bars relitigation of any issue which was, or might have been, litigated in the first suit. *Blea*, 107 N.M. at 557-58, 761 P.2d at 435-36.

unfair to bar Plaintiff Thorsted from asserting her loss of consortium claim on the ground that Defendant Target Corporation already had been found not liable to Plaintiff Philipps in the underlying litigation. Moreover, such a result would not further the aims of the doctrine of issue preclusion.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Defendant Target Corporation's Motion for Summary Judgment and Incorporated Memorandum, filed May 3, 2006 **[Doc. No. 21]**, is hereby **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendant Target Corporation's motion for summary judgment against Plaintiff Philipps is granted; Plaintiff Philipps's claims against Defendant Target Corporation are dismissed with prejudice; and

(2) Defendant Target Corporation's motion for summary judgment against Plaintiff Thorsted is denied.

Dated this 29th day of January 2007.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE